1 SUMMONS ISSUED



FILED
02 AUG -9 AM 9:36
[illegible stamp]
TOLEDO, OHIO

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| DENISE YODER and RONALD YODER, individually and as husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>KATHI L. GILBERT<br><br>and<br><br>JAMES G. GILBERT,<br><br>Defendants. | **3:02CV7399**<br><br>Case No.<br><br>JUDGE  JUDGE JAMES G. CARR<br><br>**COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON**<br><br>Kenneth Bauman (0031235)<br>1869 East Maple Road<br>Troy, Michigan 48083<br>Telephone: (248) 362-3707<br>Telecopier: (248) 362-0422<br>Attorney for Plaintiffs |

## COMPLAINT

Plaintiffs, DENISE YODER and RONALD YODER, by their attorney, KENNETH BAUMAN, as and for their Complaint against Defendants, state as follows:

### JURISDICTION AND PARTIES

1. Plaintiffs, DENISE YODER and RONALD YODER, at all material times were husband and wife and both were residents of Monroe County, Michigan. Plaintiffs currently reside in Garland, Texas.

2. Defendant, KATHI L. GILBERT, upon information and belief, at all relevant times was a resident of the County of Lucas, and the State of Ohio. Defendant, JAMES G.

GILBERT, upon information and belief, at all relevant times was a resident of the County of Lucas, and the State of Ohio. Upon information and belief, Defendant, JAMES G. GILBERT, was the titled owner of the motor vehicle operated by Defendant, KATHI L. GILBERT, as set forth below.

3. Some or all of the actions and conduct that form the basis of this Complaint occurred in the County of Monroe, and the State of Michigan.

4. The amount in controversy exceeds Seventy-five Thousand and No/100 Dollars ($75,000.00). Subject matter jurisdiction is based on 28 U.S.C. §1332.

## FACTUAL BACKGROUND

5. At approximately 11:40 a.m., on February 28, 1998, Plaintiff, DENISE YODER, was legally operating a 1983 Chevrolet Caprice motor vehicle owned by Plaintiff, RONALD YODER, in a northbound direction on Old U.S. 223 in Monroe County, Michigan. At the aforementioned time and date, Defendant, KATHI L. GILBERT, was operating a motor vehicle in a westbound direction on Sterns Road in the same county.

6. At the aforementioned time and date, and at the intersection of Old U.S. 223 and Sterns Road, in the county and state aforesaid, Defendant, KATHI L. GILBERT, did then and there display ordinary and/or gross negligence and misconduct by failing to properly operate her motor vehicle, thereby colliding with Plaintiff's motor vehicle.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE

7. At the aforementioned time and date, and at the intersection of Old U.S. 223 and Sterns Road, in the county and state aforesaid, Defendant, KATHI L. GILBERT, did then and there display ordinary and/or gross negligence and misconduct as follows:

    A. In failing to yield the right of way;

B. In driving at an excessive rate of speed for the conditions then and there existing;

C. In failing to keep a reasonable look out for other persons and vehicles legally using the highway;

D. In failing to have a vehicle equipped with proper brakes, and/or in failing to apply said brakes properly;

E. In failing to operate a motor vehicle with due care and caution;

F. In failing to take all possible precautions to avoid any collision with other motor vehicles legally upon the highway;

G. In failing to make and/or renew observations of the conditions of traffic legally on the highway, and;

H. In failing to drive in such a manner as to be able to proceed through the intersection with safety.

8. Defendant, KATHI L. GILBERT, was further negligent in failing to obey, and drive in conformity with, the common law and the statutes of the Motor Vehicle Code of the State of Michigan, as amended, and/or in failing to obey.

9. Among those statutes that Defendant, KATHI L. GILBERT, violated were, by way of explanation, but not by way of limitation:

| | | |
|---|---|---|
| A. | MCL 257.401 | Owner liability; |
| B. | MCL 257.626 | Reckless driving; |
| C. | MCL 257.626b | Careless or negligent driving; |
| D. | MCL 257.627 | General restrictions as to speed; |
| E. | MCL 257.652 | Yielding right of way. |

10. As a direct and proximate cause and result of the ordinary and/or gross negligence of Defendant, KATHI L. GILBERT, Plaintiff, DENISE YODER, was seriously injured and suffered a serious impairment of body function and/or serious disfigurement including, but not

3

limited to: acute neck and upper back strain, chronic left patellar medial rotation, decreased recruitment in left quadriceps, left hip girdle contusion, and sciatic nerve irritation.

11. As a further direct and proximate cause and result of the ordinary and/or gross negligence of Defendant, KATHI L. GILBERT, the injuries resulting from said conduct caused Plaintiff to suffer traumatic shock and injury to the nervous system, causing severe mental and emotional anguish, which interferes with her enjoyment of life, and more generally become disabled. Further, some or all of the injuries may be permanent in nature and scope.

12. As a further direct and proximate cause and result of the ordinary and/or gross negligence of Defendant, KATHI L. GILBERT, Plaintiffs have had to incur expenses for hospital, physician, nursing, therapy, prescription medication, and other miscellaneous expenses, and will continue to incur more of such expenses in the future, all to their damage.

## SECOND CLAIM FOR RELIEF
## OWNER LIABILITY

13. Plaintiffs reallege and incorporate by reference all of the statements, facts, and allegations contained in Paragraphs 1. through 12., inclusive, above, as though fully rewritten in this Paragraph.

14. Defendant, JAMES G. GILBERT, upon information and belief, is the titled owner of the motor vehicle which was being operated by Defendant, KATHI L. GILBERT, at the time and place aforementioned. By virtue of his alleged ownership of said motor vehicle, Defendant, GILBERT, is liable to Plaintiffs fore the injuries set forth herein under the owner's liability statute, MCL 257.401.

## THIRD CLAIM FOR RELIEF
## NO-FAULT CLAIMS

15. Plaintiffs reallege and incorporate by reference all of the statements, facts, and allegations contained in Paragraphs 1. through 14., inclusive, above, as though fully rewritten in this Paragraph.

16. Plaintiffs claim damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations, plus all other economic damages allowable under the Michigan No-Fault law.

17. Plaintiffs claim all non-economic damages allowable under Michigan No-Fault Law for serious impairment of body function and/or permanent serious disfigurement.

## FOURTH CLAIM FOR RELIEF
## LOSS OF SOCIETY

18. Plaintiffs reallege and incorporate by reference all of the statements, facts, and allegations contained in Paragraphs 1. through 17., inclusive, above, as though fully rewritten in this Paragraph.

19. Plaintiff, RONALD YODER, was at all relevant times the spouse of Plaintiff, DENISE YODER, and Plaintiffs were living together as husband and wife.

20. Plaintiff, RONALD YODER, as a direct and proximate result of the ordinary and/or gross negligence of Defendant, KATHI L. GILBERT, has suffered, and will continue to suffer into the future, loss of conjugal affection, society, companionship, and consortium from his spouse, all to his damage.

WHEREFORE, Plaintiffs, DENISE YODER and RONALD YODER, respectfully demand judgment against Defendants, KATHI L. GILBERT and JAMES G. GILBERT, for whatever amount they are deemed to be entitled in excess of Seventy-five Thousand and No/100

5

Dollars ($75,000.00), plus interest, costs, and attorney fees so wrongfully incurred. Plaintiffs further request such other relief as the Court finds appropriate in the premises.

Respectfully submitted,

KENNETH BAUMAN (0031235)
Attorney for Plaintiffs

## JURY DEMAND

Plaintiffs demand that all issues that are susceptible to a trial by jury be so tried.

KENNETH BAUMAN (0031235)
Attorney for Plaintiffs